IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00365-IM |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| **RICHARD BROADNAX**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Pamela Paaso, Assistant United States Attorney, US Attorney's Office, 1000 S.W. 3rd Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Richard Broadnax, USM #19342-030, FCI Sheridan, 27072 Ballston Rd., Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Richard Broadnax's Motion to Reduce His Sentence ("Mot.") under 18 U.S.C. § 3582(c)(1)(A)(i), ECF 34. Defendant argues that the COVID-19-related conditions at Federal Correctional Institution Sheridan ("FCI Sheridan") constitute "extraordinary and compelling circumstances" warranting a reduction in his sentence. The Government opposes the Motion. *See* United States' Response to Motion to Reduce ("U.S.

PAGE 1 – ORDER

Resp."), ECF 35. It argues that Defendant's motion does not provide individualized reasons for a reduction. *Id.* at 4–6. It also argues that a sentence reduction would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 7–10. This Court agrees with the Government and therefore DENIES Defendant's Motion to Reduce his Sentence.

## BACKGROUND

On September 17, 2019, Defendant was indicted in the Southern District of Iowa on one count of being a felon in possession of a firearm. *United States v. Broadnax*, 4:19-cr-00162-SHL-HCA-1, Redacted Indictment, ECF 2. Nine months later, on June 12, 2020, he pleaded guilty and was sentenced to forty months' imprisonment and three years of supervised release. U.S. Resp., ECF 35 at 2. After Defendant was released from prison in September 2022, he began his term of supervised release. *Id.* His supervision was transferred to the District of Oregon the next month. *See* Transfer of Jurisdiction, ECF 1.

Four months thereafter, on February 2, 2023, a violation summons was issued because Defendant failed to appear for a scheduled drug test and to report to his probation officer. *See* Violation Summons, ECF 14; U.S. Resp., ECF 35 at 2. On May 19, 2023, Magistrate Judge Jolie A. Russo had Defendant detained for the violations, pending a final revocation of his supervised release. Minutes of Proceedings, ECF 27. This Court then revoked Defendant's supervised release and imposed a new sentence of eleven months' imprisonment at FCI Sheridan. Judgment for Revocation, ECF 33.

After serving two months of his sentence, Defendant filed his Motion for Sentence Reduction. Mot., ECF 34. This Court now denies the Motion.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show

(1) that he has fully exhausted all administrative remedies, (2) that extraordinary and compelling circumstances warrant a sentence reduction, and (3) that his release is consistent with the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). For the purposes of this Motion, the Government presumes that Defendant has exhausted administrative remedies. U.S. Resp., ECF 35 at 4–5. Nonetheless, because Defendant is unable to meet his burden under both the second and third prongs, this Court DENIES Defendant's Motion for Compassionate Release. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").

## A. Extraordinary and Compelling Circumstances

The thrust of Defendant's Motion is that "the conditions of [the defendant's] confinement during the covid-19 [sic] pandemic have resulted in a sentence that was more severe than this Court could have contemplated when it originally sentenced him." Mot., ECF 34 at 1. Defendant's allegations do not constitute extraordinary and compelling circumstances that warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1).

For a motion for sentence reduction to satisfy this high bar, defendants must present information about their individual health, age-related deterioration, family circumstances, rehabilitation, or potential danger to the community. *Cf.* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1, n.3, n.4 (U.S. Sent'g Comm'n 2021); *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that § 1B1.13 "may inform a district court's discretion," but is "not binding." (citation omitted)). To that end, generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of extraordinary and compelling circumstances. *See United States v. Navarrette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2–3 (D. Or. July 8, 2022). In particular,

motions criticizing prison conditions during the COVID-19 pandemic are not specific and individualized enough to satisfy the extraordinary and compelling circumstances test. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread,"); *see also*, *e.g.*, *United States v. Nawaz*, No. 16 Cr. 431 (AT), 2021 WL 664128, at *2 (S.D.N.Y. Feb. 19, 2021); *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

Defendant has presented no information specific to his own circumstances. Any inmate at FCI Sheridan could say what Defendant has said about the conditions there—indeed, many have through copied-and-pasted templates, *see* U.S. Resp., ECF 35 at 4 n.3. "Every prisoner in the facility and other BOP facilities is subject to . . . similar conditions brought about by the COVID-19 pandemic; [Defendant] has not explained why he should be given special or unique treatment." *Lieschewski*, 2020 WL 6562311, at *2. Accordingly, this Court holds that Defendant has not presented extraordinary and compelling circumstances.

## B.  The Sentencing Factors

Defendant argues that there are "circumstances unforeseen by" this Court that merit a reduction in his sentence under the sentencing factors. Mot., ECF 34 at 1. This Court disagrees. When it sentenced Defendant, this Court took full account of the terms of Defendant's supervised release, his two-fold violation of those terms, the applicable sentencing guidelines, and pandemic-related conditions. Moreover, contrary to Defendant's statement that he has undergone "extraordinary rehabilitation," *id.*, Defendant has been sanctioned three times—for using drugs/alcohol, attempting escape, and refusing to obey an order—during his two months at FCI Sheridan, *see* Inmate Discipline Data, ECF 35-1. Indeed, Defendant's most recent sanction

PAGE 4 – ORDER

occurred only three days before he filed his motion. *Id.* Accordingly, any change to Defendant's sentence would be inconsistent with the sentencing guidelines.

## CONCLUSION

Defendant has not presented any individualized reasons to reduce his sentence. And Defendant has not presented any new information to this Court relevant to the sentencing guidelines. Accordingly, this Court DENIES the Motion to Reduce, ECF 34.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge